UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JAMES D. BOGAN on behalf of
JAMES DEMARKCO BOGAN,

        Petitioner,

v.

CHUCK HEIT,

        Respondent.
_____/

Case No. 1:24-cv-1034

Honorable Maarten Vermaat

## **OPINION**

This is a habeas corpus action brought by James D. Bogan (Petitioner Bogan) on behalf of James Demarkco Bogan (Prisoner Bogan), who is currently incarcerated at the Berrien County Jail in St. Joseph, Michigan. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner Bogan consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.11.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority,

by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner Bogan lacks standing to pursue this action on behalf of Prisoner Bogan.

## Discussion

Petitioner Bogan indicates that he is Prisoner Bogan's father. (Pet., ECF No. 1, PageID.11.) On September 16, 2024, Prisoner Bogan was convicted of carrying a concealed weapon and possession of a firearm by a felon in the 5th District Court for Berrien County, Michigan. (*Id.*, PageID.1.) Prisoner Bogan was sentenced to 90 days' incarceration. (*Id.*) Petitioner Bogan raises two grounds for relief on Prisoner Bogan's behalf. First, Petitioner Bogan argues that Prisoner Bogan was deprived of due process because the State breached the plea agreement. (*Id.*, PageID.6–7.) Petitioner Bogan also contends that Prisoner Bogan's judgment was "procured by the practice of fraud upon the court." (*Id.*, PageID.7.) In the brief supporting the petition, Petitioner Bogan suggests further that Prisoner Bogan's conviction was obtained after a pretextual arrest and an illegal search and seizure. (Br., ECF No. 2, PageID.13.)

The habeas statutes authorize granting relief to a person in custody. *See* 28 U.S.C. § 2254 (authorizing consideration of an application for a writ "in behalf of a person in custody"); 28 U.S.C. § 2241 (authorizing extension of the writ to prisoners "in custody"); *United States v. Chambers*, No. 4:13-CR-20254-TGB, 2020 WL 2526116, at *3 (E.D. Mich. May 18, 2020)

3

(stating, with regard to parallel language in 28 U.S.C. § 2255, "standing is specifically limited to those 'in custody'"). Therefore, the Court concludes that Petitioner Bogan, a non-incarcerated individual, does not have standing to bring a habeas claim on his own behalf.

Further, as to Petitioner Bogan's attempt to bring this petition on Prisoner Bogan's behalf, as explained below, Petitioner Bogan lacks standing to do so. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989); *see* Rule 2(c)(5), Rules Governing § 2254 Cases. "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

4

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition, which purports to raise claims on Prisoner Bogan's behalf, does not satisfy these requirements in any respect. Specifically, Petitioner Bogan has not shown why Prisoner Bogan cannot file the habeas action on his own behalf, and, aside from mentioning that he is Prisoner Bogan's father, Petitioner Bogan has not shown how he is qualified to serve as Prisoner Bogan's next friend. Accordingly, Petitioner Bogan lacks standing to pursue this action, and the Court is without jurisdiction to consider it.

### **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner Bogan lacks standing to pursue this action, and, as a result, the Court lacks jurisdiction to consider it. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner Bogan's application should be dismissed for lack of jurisdiction. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioner Bogan might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment denying a certificate of appealability and dismissing the petition without prejudice because Petitioner Bogan lacks standing to pursue this action and the Court is without jurisdiction to consider it.

Dated:  November 1, 2024                     /s/ *Maarten Vermaat*
                                             Maarten Vermaat
                                             United States Magistrate Judge